UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KING ZAK INDUSTRIES, INC.

                       Plaintiff,

      v.                      Case No.: 17-cv-449

PARAMONT GLOBAL, LTD., WEVEEL LLC,
NINGBO EVERGREAT IMPORT AND EXPORT
CO., LTD., AND CHINA EXPORT & CREDIT
INSURANCE CORPORATION A/K/A SINOSURE,

                       Defendants.

---

## ANSWER TO PARAMONT'S COUNTERCLAIMS

King Zak Industries, Inc., by and through its attorneys, responds to Paramont's counterclaims as follows:

### DEFENDANTS' COUNTER-NATURE OF THE ACTION

1. Denies the allegations in paragraph 1.

### DEFENDANTS' COUNTER-PARTIES AND JURISDICTION

2. Admits the allegations in paragraph 2.

3. Admits the allegations in paragraph 3.

4. Admits the allegations in paragraph 4.

5. Admits the allegations in paragraph 5.

6. No response is necessary as this paragraph sets forth a legal conclusion, but to the extent a response is deemed necessary, King Zak admits the allegations.

7. No response is necessary as this paragraph sets forth a legal conclusion, but to the extent a response is deemed necessary, King Zak admits the allegations.

8. No response is necessary as this paragraph sets forth a legal conclusion, but to the extent a response is deemed necessary, King Zak admits the allegations.

9. Admits that Paramont purports to be a manufacturer and exporter of many products, including plastic plates and bowls, but denies the remaining allegations in paragraph 9.

10. Admits the allegations in paragraph 10.

11. Denies the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

**FIRST CAUSE OF ACTION FOR COUNTERCLAIM**

13. King Zak repeats its responses to paragraph 1 through 12 as if fully set forth here.

14. Admits the allegations in paragraph 14.

15. Admits that Paramont accepted the purchase orders but denies the remaining allegations in paragraph 15.

16. Denies the allegations in paragraph 16.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Denies each and every allegation in the WHEREFORE clause to the extent there are any.

## GENERAL DENIAL

20. Denies each and every allegation not otherwise expressly addressed in this Answer.

## FIRST DEFENSE

21. Paramont's counterclaim is barred by the doctrines of laches, estoppel, unclean hands and/or waiver.

## SECOND DEFENSE

22. Paramont's counterclaim is barred because it breached its contract with King Zak.

## THIRD DEFENSE

23. Paramont's counterclaim is barred, and it lacks legal standing to assert it, because it has assigned all of its rights as against King Zak to China Export & Credit Insurance Corporation a/k/a Sinosure.

## FOURTH DEFENSE

24. Paramont's counterclaim is barred due to its negligent and/or fraudulent misrepresentations to King Zak regarding the source, materials, and quality of the subject plates and bowls, as more fully set forth in King Zak's complaint.

**WHEREFORE**, King Zak demands judgment as follows:

a. Dismissal of Paramont's counterclaim;

b. Judgment on its claims against Paramont;

c. Money damages, costs, disbursements, and attorneys' fees as allowed by law; and

d. Such other and further relief as the Court deems proper.

Dated: October 13, 2018

        **HODGSON RUSS** LLP
        *Attorneys for King Zak Industries, Inc.*

        By: /S/ Ryan K. Cummings
            Ryan K. Cummings
            Neil B. Friedman
            Carmine J. Castellano
        1540 Broadway, 24th Floor
        New York, New York 10036
        Telephone: (212) 751-4300
        Email: *ryan_cummings@hodgsonruss.com*
        Email: *nfriedma@hodgsonruss.com*
        Email: *ccastellano@hodgsonruss.com*